## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JOSE GARCIA (#633342)                    CIVIL ACTION NO.

VERSUS                                   20-785-JWD-EWD

JAMES M. LeBLANC, ET AL.

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 23, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOSE GARCIA (#633342)**                          **CIVIL ACTION NO.**

**VERSUS**                                          **20-785-JWD-EWD**

**JAMES M. LeBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court for screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A of the Complaint of Plaintiff Jose Garcia ("Garcia"), who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana[1]. Based on the screening process for such complaints, it is recommended that Garcia's equal protection claim, all claims against James M. LeBlanc, and claims for injunctive relief against the remaining Defendants in their individual capacities, as well as Garcia's state law claims arising under the Louisiana Constitution, Article I, §§ 1, 3, and 20 be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A. It is further recommended that Garcia's Eighth Amendment claim arising from his conditions of confinement be dismissed without prejudice, as further described below, and that this matter be referred to the undersigned for further proceedings on Garcia's remaining claim, *i.e.*, his claim for injunctive relief against the remaining Defendants in their official capacities arising from alleged federal and state law due process violations.

---

[1] R. Doc. 1.

## I.    Background

Garcia brought this suit on November 17, 2020 against James M. LeBlanc, Darryl Vannoy, Michael Jack, and Tammy Hendrickson under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth, and Fourteenth Amendment rights.[2]  Garcia seeks injunctive relief.[3]

## II.    Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4]  The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that clearly lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil

---

[2] It is unclear whether Garcia intended to name other Defendants, as he noted additional Defendants included "un-named and un-known" individuals. R. Doc. 1, p. 4.  If Garcia wants to name other Defendants, he should clarify this for the Court via the filing of an amended complaint specifically naming John Does and indicating the roles these individuals played in the alleged deprivation of his constitutional rights.

[3] R. Doc. 1, p. 6.  Though the specific injunctive relief requested is inappropriate, the Court broadly construes Garcia's Complaint as requesting injunctive relief, generally, considering his statements regarding the allegedly inadequate review that is undertaken with respect to his continued confinement in CCR.  *See* R. Doc. 1.  However, if Garcia amends his Complaint, he may specifically request "any injunctive relief the Court deems appropriate" to clarify.

[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.   Garcia was granted permission to proceed *in forma pauperis* on November 19, 2020, so both statutes apply.  R. Doc. 3.

Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B.  Garcia Cannot State a Claim for Equal Protection

Garcia alleges he has been deprived of the right to "Equal Protection of the Law," but provides only this conclusory statement with no supporting facts.[13] Because Garcia does not allege he is a member of a suspect class who has been treated differently because of membership in that class, any equal protection claim would be a "class of one" claim.[14] To succeed with a "class of

---

[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.*

[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[11] *Denton*, 504 U.S. at 33, *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[13] R. Doc. 1, p. 4.

[14] *Engquist v. Oregon Dep't. of Agr.*, 553 U.S. 591, 594 (2008).

3

one" claim, a plaintiff must show that he or she was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment.[15]

With respect to Garcia's equal protection claim arising from his continued confinement in "Control Cell Restriction," ("CCR") this Court has previously held that "class of one" equal protection claims arising from disciplinary decisions generally cannot be maintained, stating as follows:

> Due to the unique nature of every disciplinary proceeding and of continued segregation arising from such proceedings and based upon the foregoing law, a class of one equal protection claim is not cognizable with respect to claims regarding prison disciplinary proceedings and subsequent prisoner classification and placement due to the vast discretion involved in such decisions. Accordingly, to the extent Plaintiff is attempting to assert a "class of one" equal protection claim regarding his continued confinement in CCR, that claim is subject to dismissal.[16]

For the same reasons, Garcia's "class of one" equal protection claim arising from his continued confinement in CCR is subject to dismissal.[17]

### C. Garcia Has Not Stated a Claim Under the Eighth Amendment[18]

Garcia also alleges that his Eighth Amendment rights have been violated, and it appears he is claiming this violation because he is housed in CCR.[19] To the extent Garcia complains of the conditions in which he is housed, the claim should be analyzed as a conditions of confinement

---

[15] *Id.* at 601.

[16] *See Escobarrivera v. Vannoy*, No. 19-498, 2021 WL 1604872, at *7-8 (M.D. La. Feb. 24, 2021), *report and recommendation adopted by Escobarrivera v. Vannoy*, No 19-498, 2021 WL 943106 (M.D. La. Mar. 12, 2021).

[17] Garcia's claim arising under the Louisiana Constitution Art. I, § 3 also must fail, as the Fifth Circuit has held that this "provision does not create a private right of action." *Washington v. Louisiana*, 628 Fed.Appx. 914, 917 (5th Cir. 2015).

[18] Similarly, Garcia cannot state a claim under the Louisiana Constitution Art. I, § 20, which on its face only prohibits "law[s]" that subject an individual to cruel or unusual punishment. *See Carter v. Derr*, No. 18-68, 2019 WL 3202227, at *14 (W.D. La. June 29, 2019). Because, here, there is no "law" subjecting Garcia to cruel and unusual punishment, he cannot state a claim. *Id.*

[19] R. Doc. 1, p. 5. Garcia states his Eighth Amendment rights were violated "by removing Plaintiff from "General Prison Population" without justification or legal cause."

claim. The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain.[20] An inmate must establish two elements—one objective, one subjective—to prevail on a conditions of confinement claim.[21] First, he must show that the relevant official denied him "the minimal civilized measure of life's necessities" and exposed him "to a substantial risk of serious harm."[22] The "alleged deprivation" must be "objectively serious."[23] Second, the prisoner must show "that the official possessed a subjectively culpable state of mind in that he exhibited deliberate indifference" to the risk of harm.[24] "Deliberate indifference is an extremely high standard to meet."[25] "A prison official displays deliberate indifference only if he (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards that risk by failing to take reasonable measures to abate it."[26] This inquiry is "subject to demonstration in the usual ways, including inference from circumstantial evidence."[27] A "factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."[28]

The Eighth Amendment "does not mandate comfortable prisons, but neither does it permit inhumane ones."[29] At a minimum, prison officials "must provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical

---

[20] *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).
[21] *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019).
[22] *Id.* (quotation marks omitted).
[23] *Id.*
[24] *Id.* (citations and quotation marks omitted).
[25] *Id.*, quoting *Domino*, 239 F.3d at 756.
[26] *Id.* (quotation marks omitted).
[27] *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004).
[28] *Id.*
[29] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

care."[30] They cannot deprive prisoners of the "basic elements of hygiene" or the "minimal civilized measure of life's necessities."[31]  Prison conditions cannot inflict "wanton and unnecessary" pain.[32] Garcia has only provided conclusory statements that the conditions in CCR violate the Eighth Amendment.  His complaints of sleep deprivation,[33] living in fear[34] in "an environment of extreme deprivation," that "[c]ell fights are common,"[35] and that the COVID-19 pandemic exists are largely conclusory and do not state a claim of constitutional dimension.[36]  Further, Plaintiff has not alleged any facts to indicate he is under a substantial threat of harm, much less that any named Defendant is aware of any specific risk that may exist to Garcia as a result of the conditions in which he is confined.  Though Garcia's conditions of confinement claim is, at present, insufficient to state a claim under the Eighth Amendment, that claim should be dismissed without prejudice, and Garcia should be permitted to amend his complaint to state a claim, if possible, within twenty-one (21) days after the ruling adopting this Report, if the recommendation is adopted.[37]

---

[30] *Id.*

[31] *Palmer v. Johnson*, 193 F.3d 346, 352-53 (5th Cir. 1999) (quotation marks omitted).

[32] *Id.* at 351.

[33] Though sleep was recognized as a basic human need subject to deprivation by conditions of confinement in *Wilkerson v. Stalder*, 639 F.Supp. 2d 654, 678 (M.D. La. 2007), Garcia has wholly failed to explain what conditions in CCR cause him to be deprived of sleep.

[34] Generalized fear is insufficient to state a claim for a constitutional violation arising from conditions of confinement. *Cf. Martin v. McElvaney*, 32 F.3d 566 (5th Cir. 1994).

[35] Garcia does not allege that he has been the victim of any cell fight.

[36] R. Doc. 1, p. 6.  Garcia's complaint implies that COVID-19 poses a particular danger in the prison environment because social distancing is not perfectly attainable, but similar claims have been dismissed for failure to state a claim. *See Shokr v. LeBlanc*, No. 20-488, 2020 WL 8093228, at *4-5 (M.D. La. Dec. 14, 2020), *report and recommendation adopted by Shokr v. LeBlanc*, No. 20-488, 2021 WL 53175 (M.D. La. Jan. 6, 2021).

[37] *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted) ("Ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.").

### D.  Garcia has Not Stated a Claim Against James LeBlanc

Garcia's allegations against James LeBlanc appear to arise solely because of LeBlanc's supervisory role as the Secretary of the Louisiana Department of Corrections[38] for which Garcia cannot state a claim.  Supervisory officials may be held liable under § 1983 only if they actively participate in acts that cause the constitutional violation or implement unconstitutional policies that cause plaintiff's injury.[39]  Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is, alone, insufficient to state a claim under § 1983.[40]  Further, absent direct personal participation by a supervisory official in the alleged constitutional violation, an inmate plaintiff must be able to show that he was deprived of his constitutional rights because a subordinate implemented the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[41]  A supervisor can be liable if he implements a policy so deficient that the policy itself may be seen as the moving force behind a constitutional violation.[42]

Garcia has not alleged that LeBlanc implemented any policies, much less policies so deficient that the policy itself constitutes a violation of constitutional rights.  Further, LeBlanc, as the Secretary of the Department of Public Safety and Corrections, is too far removed from the day-

---

[38] R. Doc. 1, p. 5.  Though Garcia states he sent "numerous letters of inquiry" to LeBlanc, such letters do not demonstrate the personal involvement of LeBlanc in the continued segregated confinement of Garcia  *See Brooks v. Bell*, No. 17-18, 2019 WL 1110132, at *2 (E.D. Tex. March 9, 2019) ("the mere fact that supervisory officials were sent letters or answered grievances does not show personal involvement in a constitutional deprivation."), *citing Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004)(noting that, given the size of the Texas prison system, top-level TDCJ administrators "cannot be expected to intervene personally in response to every inmate letter they receive.").

[39] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

[40] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability.").

[41] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

[42] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

to-day operations of the facility for Garcia to state a claim against him.[43]  Accordingly, due to the lack of personal involvement and lack of any facts to indicate that LeBlanc implemented an unconstitutional policy that was the moving force behind the violation about which Garcia complains, Garcia's claims against LeBlanc must be dismissed.[44]

### E. Garcia has Stated a Claim for a Due Process Violation for His Continued Confinement in CCR for Over Five Years[45]

Garcia claims that he was originally sent to CCR on March 2, 2015 and has remained in CCR since that time.[46] He asserts that his continued confinement in CCR violates his right to procedural due process.  The Due Process clause of the Fourteenth Amendment prohibits state officials from depriving "life, liberty, or property without due process of law."[47]  Analysis of procedural due process also involves two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the State…the second examines whether the

---

[43] *See Perez v. Edwards*, No. 20-29, 2021 WL 930287, at *4 (M.D. La. Feb. 23, 2021), *report and recommendation adopted by Perez v. Edwards*, No. 20-29, 2021 WL 922062 (March 10, 2021) (noting that with respect to medical care of inmates, LeBlanc, as Secretary of the Department of Public Safety and Corrections, is so far removed from day-to-day operations that the plaintiff could not, as a practical matter, state a claim against him).

[44] Further, because the only relief sought is injunctive relief, Garcia only has a claim against the remaining Defendants, Vannoy, Hendrickson, and Jack, in their official capacities because Defendants cannot provide the injunctive relief sought in their individual capacities.  *See Grady v. El Paso Community College*, 979 F.2d 1111, 1113 (5th Cir. 1992); *Scott v. Flowers*, 910 F.2d 201, 213 (5th Cir. 1990) (noting that the injunctive relief sought, which included expungement of a portion of a written reprimand, could only be obtained by the defendants in their official capacities); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) (claim for injunctive relief against a state official only available against the official in his or her official capacity).

[45] To the extent Garcia intended to bring a claim regarding the original disciplinary hearing, sentence, and quarters change, such claim appears to be prescribed and subject to dismissal on the face of the Complaint.  Because there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, the federal courts borrow the forum state's general personal injury limitations period, which in Louisiana is one year. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed. Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose."). La. C.C. art. 3492; *Clifford v. Gibbs*, 298F.3d 328, 332 (5th Cir. 2002).  Garcia was initially transferred to CCR on March 2, 2015 (R. Doc. 1, p. 5).  Although a pending grievance can toll prescription, the documents attached to the Complaint indicate that Garcia did not file his ARP until September 2020, more than five years after his original disciplinary sentence. R. Doc. 1-1, p. 2. Accordingly, any claim regarding the initial disciplinary hearing, sentence, and quarters change is subject to dismissal as prescribed.

[46] R. Doc. 1, p. 5.

[47] U.S. Const., Amend. XIV.

procedures attendant upon that deprivation were constitutionally sufficient…."[48]  Here, because the deprivation is not for life or property, Garcia's claims hinge on whether he has been deprived of a liberty interest without adequate procedural protections.

In cases regarding heightened confinement, an inmate's constitutionally protected liberty interest is "generally limited to freedom from restraint which…imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life;" only then does a liberty interest arise to trigger the protections of the due process clause.[49]  "[T]he Due Process clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."[50]  Only when a prisoner demonstrates "extraordinary circumstances" may he maintain a due process challenge to a change in his custodial classification.[51]

In determining whether Garcia's confinement poses an atypical and significant hardship evaluated in the context of prison life, such that a liberty interest has arisen, the dispositive inquiry employs "a sliding scale, taking into account how bad the conditions are *and* how long they last."[52] Specifically, "the Fifth Circuit has concluded that restrictive placements of less than two-and-a-half years do not implicate due process concerns and that placements of more than five years likely do."[53]  At the time suit was filed, Plaintiff had been in segregated confinement for almost six years, so he has sufficiently alleged facts to establish a liberty interest such that he is entitled to due process regarding continued confinement in CCR.  According to his complaint, Plaintiff's continued confinement has not been given any meaningful review.  Rather, he is constantly denied

---

[48] *Kentucky Dept. of Corrections v. Thompson*, 409 U.S. 454, 460 (1989).
[49] *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).
[50] *Id.* at 478.
[51] *Id.* at 484.
[52] *Bailey v. Fisher*, 647 Fed.Appx 472, 476 (5th Cir. 2016).
[53] *Hernandez v. Abbott*, No. 17-23, 2020 WL 5539093, at *12 (E.D. Tex. Aug. 24, 2020), *report and recommendation adopted*, 2020 WL 5534522 (E.D. Tex. Sept. 15, 2020) (citing *Wilkerson*, 744 F.3d at 855; *Bailey*, 647 Fed. Appx. at 476-77).

release on the basis of "Nature of Original Reason for Offense."[54]  As this Court has previously noted, review of an inmate's heightened confinement "must be real, not fake."[55]  Based upon Garcia's allegations, which are taken as true at this stage, review of his heightened confinement involves the "mindless checking of a box"[56] such that he has been deprived of his due process rights.  Moreover, Garcia has stated a claim against Tammy Hendrickson and Michael Jack for this alleged violation because, according to the Complaint, these Defendants have conducted the "Lock-Down Review Summaries" and are responsible for continually denying Garcia's release from CCR.[57]  Further, Darryl Vannoy, as Warden of LSP, is involved in the decision-making process regarding housing of prisoners at LSP, so it is also appropriate to allow Garcia's due process claim against Vannoy to proceed.[58]

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the claims of Jose Garcia against James LeBlanc, as well as all claims arising from alleged violations of equal protection, due process related to the original disciplinary proceedings, claims for injunctive relief against Darryl Vannoy, Michael Jack, and Tammy Hendrickson in their individual capacities, and state law claims arising under the

---

[54] R. Doc. 1, p. 5.

[55] *Fussell v. Vannoy*, No. 13-571, 2016 WL 3538376, at *5 (M.D. La. June 22, 2016) (noting that simply checking the box for "Nature of Original Reason for Lockdown" renders an inmate's punishment to segregated confinement virtually indefinite and may violate the Fourteenth Amendment).

[56] *Id.*

[57] R. Doc. 1, p. 5.

[58] Moreover, any argument that Garcia failed to exhaust administrative remedies will be without merit because the ARP process was effectively unavailable to him.  R. Doc. 1-1, p. 1; *see Mitchell v. Hooper*, No. 19-398, 2019 WL 7546946 (M.D. La. Dec. 12, 2019), *report and recommendation adopted*, 2020 WL 113356 (Jan. 9, 2020).  Garcia has also stated sufficient facts to state a claim under Article I, Section 2 of the Louisiana Constitution, which "provides the same due process protections as…the United States Constitution."  *Cripps v. Louisiana Dept. of Agriculture and Forestry*, 819 F.3d 221, 232 (5th Cir. April 8, 2016).  While Garcia also states that he is bringing a claim pursuant to the Louisiana Constitutional Article I, § 1, this section, by its plain language, does not convey any rights.  Rather, it is, in essence, a preamble for the sections that follow within Article I.  Accordingly, Garcia's claims purportedly brought pursuant to the Louisiana Constitution, Article I, § 1 are subject to dismissal.

Louisiana Constitution Article I, §§ 1, 3, and 20 be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

 **IT IS FURTHER RECOMMENDED** that Garcia's Eighth Amendment claims regarding the conditions of his confinement be **DISMISSED WITHOUT PREJUDICE** to Garcia's right to file an amended complaint that cures, if and where possible, the deficiencies outlined in this Report with respect to this claim.  In the event Plaintiff fails to adequately amend his Complaint within twenty-one days of a Ruling adopting this Report and Recommendation, it is recommended that this claim also be dismissed with prejudice.

 **IT IS FURTHER RECOMMENDED** that this matter be referred to the undersigned for further proceedings on Garcia's remaining claims for injunctive relief against Darryl Vannoy, Tammy Hendrickson, and Michael Jack in their official capacities for due process violations arising from his continued confinement in CCR brought pursuant to the Fourteenth Amendment to the United States Constitution and Article I, § 2 of the Louisiana Constitution.

 Signed in Baton Rouge, Louisiana, on November 23, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**