# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOSE GARCIA (#633342)**                                 **CIVIL ACTION NO.**

**VERSUS**                                                              **20-785-JWD-EWD**

**JAMES M. LeBLANC, ET AL.**

## <u>ORDER</u>

Before the Court is a Motion to Reconsider with an Objection filed by the *pro se* Plaintiff, Jose Garcia.[1]  The Motion requests that this Court reconsider its decision to dismiss Joe LaMartinaire, Tim Delaney, and Hooper from this action, but this Court never dismissed these Defendants from the suit.[2]  Rather, the Court noted that these Defendants were never properly added to the action, so if Plaintiff wanted to add these Defendants, he should do so clearly in an amended complaint.[3]  Accordingly, the Court will consider the instant Motion as a Motion for Leave to Amend Complaint to add Joe LaMartinaire, Tim Delaney, and Hooper to this action.  The Motion will be granted in part and denied in part.

Federal Rule of Civil Procedure 15(a) provides the standard by which the Court must evaluate a motion to amend pleadings.  In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[4]

---

[1] R. Doc. 15.
[2] R. Doc. 13.
[3] R. Doc. 13, p. 12.
[4] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff seeks to generally add claims against LaMartinaire, Delaney, and Hooper regarding due process violations in connection with his nearly seven-year confinement in Control Cell Restriction ("CCR").[5]  Plaintiff alleges that these individuals have a direct role in refusing his release from CCR, and their preapproval for release from CCR, which is consistently denied, is required for his release from CCR.[6]  This Court has already found that Plaintiff has stated a due process claim for his continued confinement in CCR.[7]  Because Plaintiff has now made clear that his release from CCR is reliant on the preapproval of these individuals and that these individuals consistently rubber stamp the denial of Plaintiff's release from CCR, he will be permitted to add his claims for monetary and injunctive relief for violation of due process due to his continued release from CCR against these individuals.  However, to the extent Plaintiff seeks damages against these Defendants in their official capacities, amendment will be denied because such a claim is not viable.[8]  Similarly, to the extent Plaintiff seeks injunctive relief against these Defendants in their individual capacities, amendment will be denied because, as discussed previously by this Court, the Defendants cannot provide the injunctive relief sought in their individual capacities.[9]  Finally, to the extent Plaintiff seeks to revive the claims against James LeBlanc, the Court finds these claims to be without merit, so amendment to revive these claims will be denied.  Accordingly,

---

[5] R. Docs. 15, 15-1.

[6] R. Doc. 15.

[7] R. Docs. 7, pp. 9-11; 13.

[8] 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary relief against either a state or its officials acting in their official capacities.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (an official capacity suit against a state official for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment).

[9] R. Doc. 7, p. 9.  *See Grady v. El Paso Community College*, 979 F.2d 1111, 1113 (5th Cir. 1992); *Scott v. Flowers*, 910 F.2d 201, 213 (5th Cir. 1990) (noting that the injunctive relief sought, which included expungement of a portion of a written reprimand, could only be obtained by the defendants in their official capacities); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) (claim for injunctive relief against a state official only available against the official in his or her official capacity).

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend[10] is **GRANTED IN PART AND DENIED IN PART**, the following additional claims are permitted to proceed: Plaintiff's claims for injunctive relief against LaMartinaire, Delaney, and Hooper in their official capacities and claims for monetary relief against LaMartinaire, Delaney, and Hooper in their individual capacities for due process violations arising from his continued confinement in CCR.  The Clerk of Court is directed to file R. Docs. 15 and 15-1 into the record as Plaintiff's third amended complaint and to add Joe LaMartinaire, Tim Delaney, and Hooper to this action.

Signed in Baton Rouge, Louisiana, on <u>January 31, 2022</u>.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] R. Doc. 15.